# BREDHOFF & KAISER, P.L.L.C.

*Attorneys & Counselors*

805 Fifteenth Street NW – Suite 1000
Washington, D.C. 20005
(202) 842-2600 TEL
(202) 842-1888 FAX
www.bredhoff.com

Julia Penny Clark
Bruce R. Lerner
Andrew D. Roth
Douglas L. Greenfield
Roger Pollak
Anne Ronnel Mayerson
Leon Dayan
Devki K. Virk
Robert Alexander
Matthew Clash-Drexler
Abigail V. Carter
Joshua B. Shiffrin
Jenifer A. Cromwell
Jacob Karabell

Elliot Bredhoff
(1921 – 2004)
Henry Kaiser
(1911 - 1999)

Caitlin Kekacs
James Graham Lake
Adam M. Bellotti
Joshua A. Segal
Dana M. Krohn
Elisabeth Oppenheimer
Georgina C. Yeomans
April H. Pullium

Richard F. Griffin, Jr.
Kathleen Keller
Philip C. Andonian
*Of Counsel*

Robert M. Weinberg
Jeffrey R. Freund
Jeremiah A. Collins
Mady Gilson
John M. West
*Senior Counsel*

August 16, 2018

Andrew Kasnetz, Esq.
Sandberg, Phoenix & Von Gotard P.C.
600 Washington Avenue, 15th Floor
St. Louis, MO 63101-1313

Re: Calibre CPA Group Special Review of the St. Louis-Kansas City Carpenters Regional Council

Dear Mr. Kasnetz:

Following up on our prior correspondence, I am providing, for your information and that of your client, Jonathan Gould, the enclosed report of the Calibre CPA Group. This accounting addresses concerns Mr. Gould previously raised involving aspects of the Regional Council's operation and finances, and includes a specific review of the expense reimbursements and credit card charges of Albert Bond, Terrence Nelson, Kevin Hamilton, Robert Vosburgh, Larry Schallom, and Tim Cox. The Regional Council will implement the report's recommendations.

In addition, in light of the comprehensive nature of Calibre's just-concluded review and your failure to specify documents raising particular concerns among the more than three gigabytes of raw data you forwarded, the Regional Council has determined that the substantial additional cost of engaging Calibre to review wholesale that data in the absence of identified valid Section 501 concerns would

**EXHIBIT 18**

Andrew Kasnetz, Esq.
August 16, 2018
Page 2

not be an appropriate use of Council resources. Thus, the three zip drives you provided have not been submitted to Calibre.

Sincerely,

Matthew Clash-Drexler

Enclosure

cc: Martin Walter, Esq.
    Traci Pupillo, Esq.
    Gerald Kretmar, Esq.



**CALIBRE**
**CPA GROUP**
Bethesda, MD

August 9, 2018

Martin W. Walter, Esq.
Counsel
St. Louis-Kansas City Carpenters Regional Council
8955 E. 38th Terr.
Kansas City, MO 64129

Re:  Special Review

Dear Mr. Walter:

We are pleased to present our observations and findings in connection with our special review of certain accounting controls, policies, procedures and expenditures relating to the St. Louis-Kansas City Carpenters Regional Council (the Council) for the period of July 1, 2013 through the present. The objectives of our engagement were to gain an understanding of the controls, policies, and procedures and review expense reimbursements and credit card charges, relating to Albert Bond, Terrence Nelson, Kevin Hamilton, Robert Vosburgh, Larry Schallom, and Tim Cox, and to assess general compliance with regulatory and prudent accounting standards. The procedures we performed in our engagement included the following:

- We have reviewed the Council's internal and accounting controls and procedures surrounding cash disbursements, expense reimbursements, and credit card disbursements.
- We examined all expense reimbursement and credit card transactions throughout the period under review to determine whether authorizations and other supporting documentation required by Department of Labor and Internal Revenue Service regulations are present.
- We reviewed these transactions to determine if they are properly supported and recorded within the accounting system.
- We reviewed the annual audit report and recommendation letters from the Council's independent auditors. Furthermore, we discussed with a representative from the audit firm the testing that was performed by that firm on expense reimbursements and credit card charges and the results of those audit tests over the period under review.

Martin W. Walter, Esq.
August 9, 2018
Page 2

- We determined whether any separate automobile allowances exist and whether they are properly accounted for and reported.

The following are the findings based on our review.

<u>Findings</u>

1. **Internal Controls** – We noted no significant deficiencies in the design of the internal accounting controls surrounding the policies, processing, authorization, and payment of officer and employee expense reimbursements and credit card payments.

2. **Expense Policy and Supporting Documentation** - The Council has an Employer Travel and Expense Policy for expense reimbursements and credit card charges that indicates only expenses with a union business purpose will be paid. The policy also requires that adequate supporting documentation be submitted to substantiate the charge. This includes a receipt or bill, the names of individuals, and the event and business purpose of the expense. This policy is consistent with Department of Labor and Internal Revenue Service requirements. During our review of the transactions for the period reviewed, we noted certain reimbursements and credit card charges where the actual names were not written or where the business purpose should have been more clearly explained. At our request, most of the documentation was provided; however, there is still missing documentation consisting of fourteen transactions amounting to $1,341 relating to one individual. If adequate documentation cannot be provided to substantiate the union business purpose of those expenses, the Union may request reimbursement of those amounts from the individual. Furthermore, the policy indicates that "Where specifically approved by the Executive Secretary-Treasurer, as determined on a case by case basis, the Union will reimburse an employee for travel and meal expenses incurred by the employee's spouse when accompanying the employee on official Union business." We noted various instances of spousal travel expenses during our testing of expenditures. All of those expenditures contained the required written approval of the Executive Secretary-Treasurer.

3. **Accounting for Expense Reimbursements and Credit Card Charges** – During our review and testing of these transactions, we noted that the expenses were properly accounted for and coded to the correct general ledger accounts. This is critical in ensuring that the expenses get posted and included in the appropriate classification for financial statement and government form reporting.

Martin W. Walter, Esq.
August 9, 2018
Page 3

4. **Review of Independent Audit** – During our review, we spoke with the partner in charge of the independent audit for the Council (with the National accounting firm of RSM US LLP). The auditor has overseen the audit for the entire period that we reviewed. We inquired if the audits performed included a review of officer and employee expense reimbursements and credit card charges and if any material discrepancies and significant deficiencies had been noted and communicated to the Council as required by Generally Accepted Auditing Standards. He indicated that no discrepancies or significant deficiencies had been noted for the period of July 1, 2013 through June 30, 2017.

5. **Automobile Allowances** – We were advised by the Council's Comptroller that the Council previously characterized a separate payment made to officers and employees as a car allowance. The Council's Comptroller further advised that, more than 10 years ago, the Council stopped making that separate payment and included what had been characterized as a car allowance with salary as one undifferentiated payment, all treated as taxable income, reported on the W-2, and included in gross salary as reported on the LM-2.

    I have also reviewed the UBC Pension Plan and, since there is no separate payment and given that employees are compensated with a single, undifferentiated amount, in my view the entire salary amount should be pensionable under the definition of "compensation" contained in the relevant plan documents. A formal opinion though would be subject to determination by the Trustees of the UBC Pension Plan.

    Thus, we noted no separate automobile allowances being paid to officers and employees during the period under review.

    The Council has continued to track aspects of employees' automobile utilization, including make, model, and year of car, and, to the extent that documents reflecting such tracking up until recently referred to a car "allowance" those documents did not conform to the Council's actual practice described above.

## Summary

With the exception of the missing documentation as noted above, we found that the expense reimbursements and credit card charges, including spousal travel while the individual was on union business travel:

- were supported by a receipt
- contained required documentation such as the name of the person, event, or union purpose
- were authorized at the proper level

Furthermore, we noted no automobile allowances paid to any of the six individuals during the period under review.

Martin W. Walter, Esq.
August 9, 2018
Page 4

We thank the Executive Secretary-Treasurer and the Council Staff for the cooperation extended to us in the performance and completion of our review. This report is intended solely for the use of the St. Louis-Kansas City Carpenters Regional Council Legal Counsel.

*Calibre CPA Group, PLLC*

Calibre CPA Group PLLC
Bethesda, Maryland