# United States Court of Appeals
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 14, 2021

Mr. Andrew Rain Kasnetz
SANDBERG & PHOENIX
Suite 1600
120 S. Central Avenue
Clayton, MO  63105

    RE:  19-3087  Jonathan Gould v. Albert Bond, et al
          19-3197  Jonathan Gould v. Albert Bond
          19-3200  Jonathan Gould v. St. Louis - Kansas City

Dear Counsel:

    The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

    Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                                        Michael E. Gans
                                        Clerk of Court

HAG

Enclosure(s)

cc:    Mr. Robert David Blitz
        Mr. Michael A. Evans
        Mr. Jeffrey Edward Hartnett
        Mr. Gerald Kretmar
        Mr. Gregory J. Linhares
        Mr. Michael P. McGinley
        Ms. Teresa Dale Pupillo

Mr. Aaron Sanders
Mr. Timothy Charles Sansone

District Court/Agency Case Number(s):   4:19-cv-00925-DDN

# United States Court of Appeals
## *For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 14, 2021

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

      RE: 19-3087  Jonathan Gould v. Albert Bond, et al
           19-3197  Jonathan Gould v. Albert Bond
           19-3200  Jonathan Gould v. St. Louis - Kansas City

Dear Sirs:

      A published opinion was filed today in the above case.

      Counsel who presented argument on behalf of the appellant/cross appellee and appeared on the brief was Andrew Rain Kasnetz, of Clayton, MO. The following attorney(s) also appeared on the appellant/cross appellee brief; Timothy Charles Sansone, of Saint Louis, MO.

      Counsel who presented argument on behalf of the appellee/cross appellant Albert Bond and appeared on the brief was Michael A. Evans, of Saint Louis, MO.

      Counsel who presented argument on behalf of the appellee/cross appellant St. Louis-Kansas City Carpenters Regional Counsel and appeared on the brief was Aaron Sanders, of Saint Louis, MO. The following attorney(s) also appeared on the appellee/cross appellant brief; Robert David Blitz, of Saint Louis, MO, Teresa Dale Pupillo, of Saint Louis, MO, Gerald Kretmar, of Saint Louis, MO.

      The judge who heard the case in the district court was Honorable David D. Noce. The judgment and order of the district court were entered on August 19, 2019 and September 23, 2019.

      If you have any questions concerning this case, please call this office.

                                                  Michael E. Gans
                                                  Clerk of Court

HAG

Enclosure(s)

cc:   MO Lawyers Weekly

District Court/Agency Case Number(s):   4:19-cv-00925-DDN

# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3087
No. 19-3197
No. 19-3200

_____

Jonathan Gould, on behalf of St. Louis - Kansas City Carpenters Regional Council

*Plaintiff - Appellant/Cross Appellee*

v.

Albert Bond

*Defendant - Appellee/Cross Appellant*

St. Louis - Kansas City Carpenters Regional Council

*Intervenor Defendant - Appellee/Cross Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 16, 2020
Filed: June 14, 2021

_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Jonathan Gould, a dues paying member of the St. Louis-Kansas City Carpenters Regional Council (Council), filed this application for leave of court to file an action on behalf of the Council under 29 U.S.C. § 501(a) against Albert Bond, the Council's current Executive Secretary Treasurer (EST), alleging various breaches of Bond's fiduciary duties as a union official. The Council intervened as a defendant. After a contested hearing, the district court[1] denied leave to file suit for failure to show the good cause the statute requires. Gould appeals. Bond and the Council cross appeal the district court's order granting Gould leave to file his appeal one day out of time. See Fed. R. App. Proc. 4(a)(5). We affirm.

## I. Background.

Gould was appointed a Council business agent by EST Terrence Nelson. Bond was Nelson's Assistant Secretary Treasurer and became the EST in 2015. Gould has complained of financial and administrative waste by Council executives since 2008 -- approving reimbursements for non-Council-related activities and unsupported claims; granting executives compensation rather than providing vehicle benefits, which increased the Council's tax burden and inflated executive pensions; and failing to take remedial action to correct past failures. Gould was nominated to run against Nelson in the 2014 EST election. Gould had emailed Council business agents and executive board members an accounting of perceived breaches of fiduciary duties and delivered a speech to the same effect. Nelson removed Gould from his slate of proposed business agents. The delegates re-elected Nelson in 2014 and 2015.

In 2016, Gould sued the Council and several officials in the Circuit Court for the City of St. Louis, asserting claims for wrongful termination, defamation, injurious

---

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

falsehood, and intentional infliction of emotional distress. Gould v. St. Louis-Kansas City Carpenter's Regional Council, 1622-CC09954-01 (Mo. Cir. Ct. 2016), *aff'd per curiam*, No. ED 108318 (Mo. App. July 28, 2020), *vacated pursuant to transfer*, SC 98740 (Dec. 22, 2020). In late 2017, Gould received voluminous Council documents in discovery. In a January 12, 2018 letter to Bond, Gould outlined improper reimbursements and the vehicle policy as breaches of fiduciary duties, identified six executives responsible for waste of union funds, and demanded that Bond "recover damages, secure an accounting and/or seek other appropriate relief on behalf of the Council and its members."

In response, the Council hired a Washington, D.C., accounting firm, Calibre CPA Group, to perform an audit and invited Gould to provide information and documentation that could assist in the investigation. Gould questioned Calibre's independence because it had been retained on other matters by the United Brotherhood of Carpenters and Joiners of America, the Council's parent organization. He argued the audit was insufficient but agreed to deliver documents to Calibre.

Attorney Matthew Clash-Drexler, hired by the Council to interface with Gould, rejected personal delivery of documents, requested the documents be sent to him, and promised to forward the documents to Calibre upon receipt. Gould responded by petitioning to amend his state court wrongful termination suit to add several counts under 29 U.S.C. § 501(b). With that motion pending in April, Clash-Drexler informed Gould that the audit was underway and expected to conclude later that month. In response, Gould sent Clash-Drexler 18,000 Council documents totaling nearly 120,000 pages which Gould had received in the state court suit. Clash-Drexler objected to the voluminous, unsorted document dump and asked Gould to sort the documents within a week, identifying each document's relevance to the allegations against each individual named in Gould's demand letter. Gould sent the documents back to Clash-Drexler with a letter describing three broad categories and arguing that every document was relevant to Nelson's breaches of fiduciary duty because the EST

-3-

is responsible for approving all expenditures. The Council declared that Nelson's approval of expenditures was outside the scope of Gould's demand letter and therefore "Calibre was not asked to investigate same." After the state court denied Gould leave to add claims under 29 U.S.C. § 501(b) because his motion "does not show the good cause requisite," Gould narrowed his submission to 800 documents. Clash-Drexler never forwarded the documents to Calibre.

Calibre completed the audit in August. The audit included "the Council's internal and accounting controls and procedures surrounding cash disbursements, expense reimbursements, and credit card disbursements" from July 1, 2013 to August 9, 2018, and the vehicle policy. The report concluded that the Council's expense reimbursement policy was sound under Department of Labor regulations. Some individuals had failed to adequately substantiate reimbursement requests totaling $1,351, but they either provided adequate documentation or reimbursed the Council. Calibre found no impropriety in the increased compensation for vehicles.

Gould refused to accept Calibre's findings. On April 16, 2019, he commenced this action by filing a motion for leave to file a verified complaint under 29 U.S.C. § 501(b) against Bond. Gould delivered a copy of the pleadings to Bond's counsel. Bond appeared, the Council intervened, the parties briefed the issue, and after a hearing the district court denied Gould leave to file for failure to show good cause. Adopting the good cause standard in Dinko v. Wall, 531 F.2d 68, 75 (2d Cir. 1976), the court concluded that "a union member who files a Section 501(b) lawsuit after a union has taken action in response to the member's request should show an objectively reasonable ground for belief that the union's accounting or other action was not legitimate. Plaintiff has not made such a showing."

## II. Discussion.

A. The Grant of Leave to Appeal Out of Time. We review the grant of a motion for leave to appeal out of time for abuse of discretion. The time for filing a notice of appeal is thirty days, but the district court may extend the time to file a notice of appeal if the party seeking the extension shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(1), 4(a)(5)(A)(ii). As timely filing is a statutory requirement in civil cases, compliance is mandatory and jurisdictional. Hamer v. Neighborhood Hous. Servs. of Chi., 138 S. Ct. 13, 21 (2017). We consider four circumstances relevant in determining whether neglect is excusable: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir.), cert. denied, 531 U.S. 929 (2000), quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). The movant's reason for missing the deadline is "key to the analysis." Id. at 463. Excusable neglect may include "late filings caused by inadvertence, mistake, or carelessness." Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding, 692 F.3d 888, 893 (8th Cir. 2012) (quotation omitted). But "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" Pioneer, 507 U.S. at 392. Thus, in Lowry, we reversed the district court's grant of a time extension because it was based on excusable neglect that was nothing more than "garden-variety attorney inattention." 211 F.3d at 464.

Here, Gould's Rule 4(a)(5) motion explained that he approved an appeal on September 18 -- the last day to appeal the district court's decision under Rule 4(a)(1). Counsel believed that he forwarded a notice of appeal to his legal assistant for filing. He had not. When counsel noticed the error one day later, Gould filed a motion for leave to file notice of appeal out of time. The district court granted the motion over defendants' objections, concluding in a one-page Order that "the failure to file the

-5-

notice on time was caused by excusable neglect. See Pioneer . . . (ruling that 'excusable neglect' includes 'inadvertence, mistake, or carelessness')."

We disagree. The sole reason alleged for the untimely filing was the last-minute failure of Gould's counsel to provide his legal assistant with a notice of appeal for filing. In our view, untimeliness was the result of "garden variety" delay by Gould and negligence by his two attorneys, not their excusable neglect of a mandatory and jurisdictional filing requirement. See Goding, 692 F.3d at 893 (distinguishing inexcusable delay from an error in attempting to comply). However, whether this was an abuse of discretion by the district court is a closer question. See generally Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984). So we will turn to the merits of Gould's fully briefed appeal.[2]

B. Application for Leave to File Suit Under § 501(b). Section 501, entitled "Fiduciary responsibility of officers of labor organizations," was part of the Labor-Management Reporting and Disclosure Act of 1959. Pub. L. 86-257, 73 Stat. 519, 535. Section 501(a) broadly defines the duty of "officers, agents, shop stewards, and other representatives of a labor organization . . . in relation to such organization and its members as a group." Section 501(b) provides in relevant part:

> When any officer . . . is alleged to have violated the duties declared in subsection (a) and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member . . . such member may sue such

---

[2]Like the statutory requirement of a timely notice of appeal, the conditions precedent to filing a § 501(b) action are statutory limits on federal jurisdiction. See Phillips v. Osborne, 403 F.2d 826, 830 (9th Cir. 1968). "A court faced with more than one [statutory] jurisdictional issue may decide these jurisdictional questions in any order." In re AFY, 734 F.3d 810, 816 (8th Cir. 2013), cert. denied sub nom. Sears v. Badami, 572 U.S. 1117 (2014).

> officer [in federal or state court] to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte.

The requirement that a union member request that the organization sue or recover damages or secure an accounting "is a condition precedent to a suit under section 501(b)." Horner v. Ferron, 362 F.2d 224, 231 (9th Cir.), cert. denied, 385 U.S. 958 (1966). "Together with the further requirement of a showing of good cause and of securing court permission to proceed, the provision requiring a request is clearly designed to protect union officials from unjust harassment." Coleman v. Brotherhood of Ry. & S.S. Clerks, 340 F.2d 206, 208 (2d Cir. 1965); accord Hoffman v. Kramer, 362 F.3d 308, 314 (5th Cir. 2004). "However, the fiduciary responsibility created by the Act is designed to protect union members . . . . The interpretation of section 501(b) as a whole must reflect a balancing of important policies." Dinko, 531 F.2d at 73. Reflecting these tensions, our sister circuits to some extent disagree over the proper standard to apply in determining whether a union member has shown the good cause required to be granted leave to file a § 501(b) suit. Compare, e.g., Horner, 362 F.2d at 228-29, with Dinko, 531 F.2d at 74-75, and with Hoffman, 362 F.3d at 316-17. The district court applied the Dinko standard. Our circuit has not taken sides in this debate, and this case does not require us to do so.

"[T]he first step a court should undertake in reviewing a claim [under 29 U.S.C. § 501(b)] is to ascertain that the allegations meet the minimal requirements of the statute." Hoffman, 362 F.3d at 316. One condition precedent is that the plaintiff made a request "to sue or recover damages or secure an accounting or other appropriate relief," and the union or its governing officers failed or refused to act on the request within a reasonable time. Like the demand prerequisite to a derivative shareholder action, see Fed. R. Civ. P. 23.1(b)(3)(A), "[t]he purpose of the [§ 501(b)] demand requirement is to afford [union leaders] an opportunity to exercise their

reasonable business judgment." Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 96 (1991) (quotation omitted).

In this case, Gould's January 12, 2018 letter to Bond demanded that he and the Council's governing officers "take one or more of the following actions against [the six named executives]: (1) sue to recover damages; (2) secure an accounting; and/or (3) seek other appropriate relief." In response, Bond immediately advised Gould that "the Council will launch a thorough and comprehensive investigation of your allegations by securing an accounting conducted in accordance with accepted accounting best practices and standards."

Some courts have construed § 501(b) as requiring a request that the union "take legal action." Adams-Lundy v. Ass'n of Prof. Flight Attendants, 844 F.2d 245, 249 (5th Cir. 1988). But the inclusion of requests to "secure an accounting" broadens the scope of what will satisfy this condition precedent.[3] Gould's initial request satisfied the statute's condition precedent. Accord Dinko, 531 F.2d at 73. However, the fact that Gould's initial letter satisfied this statutory condition is not controlling when the Council met his demand and secured an accounting that concluded no legal action was appropriate. Section § 501(b) addresses the situation where a union does not respond, leaving the complaining member "no alternative but to invoke the power of the state or federal court to stop the abuses and recover damages." Filippini v. Austin, 106 F.R.D. 425, 430 (C.D. Cal. 1985). Here, the Council secured an accounting by an outside auditor that investigated every complaint in Gould's initial request and concluded that there had been no wrong-doing by the union and that relatively minor unsubstantiated reimbursement requests had been remedied by

---

[3]But see Penuelas v. Moreno, 198 F. Supp. 441, 443 (S.D. Cal. 1961) (secure an accounting "refers to court relief granting an accounting"). We disagree with that illogical statutory interpretation. No party has raised the issue.

-8-

individual Council executives.[4]  Based on the Calibre audit report, the Council had no basis to sue the six individuals for damages or take other "legal action" for the breaches of duty Gould had alleged.

Gould disagreed with the audit report, alleging it was a sham, and filed this action.  In these circumstances, we conclude an additional request to Bond or the Council was first required, stating precisely what legal action the Council was now required to take against what executives for what alleged breaches of fiduciary duty that the accounting had not remedied.  After securing an accounting, Gould's broad allegations in his Verified Application based on vague references to 800 documents produced in state court discovery did not suffice "to protect union officials from unjust harassment."  Those allegations had been thoroughly investigated and found to be unsupported.  If Gould believed that only legal action would remedy specific alleged breaches of duty the audit report failed to acknowledge and remedy, § 501(b) required that he give Bond and the Council a second request to sue or recover damages based on what he considered to be the audit report's specific deficiencies. We agree with the district court that Gould failed to "show an objectively reasonable ground for belief that the union's accounting or other action was not legitimate."  But the defect in his application for leave to file a § 501(b) complaint was not simply a failure to show good cause.  It was a more fundamental failure to meet the condition precedent of a timely and appropriate request "to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time."  Gould's assertion that any further demand would have been futile is contrary to the union's efforts to investigate his initial claims and to recover money owed the union and its members for inadequately substantiated reimbursement requests.

---

[4]A minor, inappropriate expenditure may be "a de minimis expenditure that does not justify a federal lawsuit" even if it "state[s] a literal, cognizable claim of breach of fiduciary duty."  Hoffman, 362 F.3d at 322 n.14.

## III. Conclusion.

For the foregoing reasons, the judgment of the district court denying leave to file plaintiff's Verified Complaint under 29 U.S.C. § 501(b) is affirmed.  We dismiss as moot defendants' cross appeals in Appeal Nos. 19-3197 and 19-3200 from the order granting plaintiff leave to appeal.

_____